FILED
Apr 01, 2019
12:11 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| Keith Quarles, | ) | Docket No. 2018-08-1077 |
| **Employee,** | ) | |
| v. | ) | State File No. 39797-2017 |
| FedEx Ground Package System, Inc., | ) | |
| **Employer.** | ) | Judge Deana C. Seymour |
| | ) | |

## EXPEDITED HEARING ORDER
_____

Mr. Quarles requested medical and temporary disability benefits for injuries to his right ankle, left knee, and right shoulder. FedEx Ground Packaging System, Inc. contended the injuries were not work-related. This Court heard the issues at an Expedited Hearing on March 8, 2019, and finds Mr. Quarles failed to present sufficient evidence that he would likely prevail at a hearing on the merits in proving his injuries were work-related. Therefore, the Court denies his request.

## History of Claim[1]

Mr. Quarles began working as a package handler for FedEx in February 2015. He claimed he injured his right ankle, left knee, and right shoulder by repetitively unloading trucks and scanning boxes at work.[2] Mr. Quarles did not know the cause of his symptoms at first, so he obtained conservative treatment on his own at Regional One Health. However, he eventually filed a claim for workers' compensation benefits with FedEx on

_____

[1] Under docket number 2017-08-1170, this Court previously held an Expedited Hearing on facts nearly identical to this case. In a May 7, 2018 Expedited Hearing Order Denying Medical and Temporary Disability Benefits, the Court found Mr. Quarles unlikely to prevail on the merits of his case regarding causation. Mr. Quarles appealed, and the Workers' Compensation Appeals Board affirmed. On August 28, 2018, the Court dismissed Mr. Quarles' claim without prejudice based on his failure to prosecute his case. Subsequently, Mr. Quarles refiled his claim on September 7, 2018, under the current docket number.

[2] Although Mr. Quarles did not allege a specific work incident, he used November 8, 2016, for the date of injury.

1

May 30, 2017.

FedEx denied Mr. Quarles sustained a work-related injury and argued his complaints related to pre-existing conditions. It relied on his longstanding history of right-ankle, left-knee, and right-shoulder complaints.[3] It also pointed to Mr. Quarles' continued treatment for ongoing symptoms of chronic osteoarthritis and weakness in his right ankle, left knee, and right shoulder at Christ Community Health Services and Regional One to show the pre-existing nature of his complaints.

Following FedEx's denial, Mr. Quarles obtained a Standard Form Medical Report (C-32) from Dr. Richard Hillesheim at Regional One. Mr. Quarles relied on this report to prove the cause of his injuries. Mr. Quarles also introduced an online profile for Dr. Hillesheim that listed his education and training, professional memberships, and publications. Additionally, the parties introduced medical records from Regional One that included records from Dr. Hillesheim. Although Dr. Hillesheim indicated "the employment activity [was] primarily responsible for the present need for treatment of the pre-existing [left knee] disease," he described Mr. Quarles' left-knee condition as "degenerative osteoarthritis," and he stated that the injury did not involve the aggravation of a pre-existing condition.

Mr. Quarles filed a Petition for Benefit Determination. He asked for a panel of physicians and temporary disability benefits.

## Findings of Fact and Conclusions of Law

### Standard Applied

At an Expedited Hearing, Mr. Quarles must present sufficient evidence that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017).

### Causation

The central legal issue is whether Mr. Quarles presented sufficient evidence to show an aggravation of a pre-existing condition that required medical treatment. The Court finds that he did not.

To prevail on causation, Mr. Quarles must establish he suffered an aggravation of a pre-existing condition that "arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2018). The Court looks to the medical evidence to determine whether Mr. Quarles sustained an aggravation of a

---

[3] Dr. Hillesheim's C-32 only addressed Mr. Quarles' knee. Mr. Quarles presented no proof regarding the causation of his ankle and shoulder complaints.

2

preexisting condition that arose primarily out of and in the course and scope of employment. To establish this connection, Mr. Quarles must present expert medical evidence that the work incident "contributed more than fifty percent" in causing his need for medical treatment of the preexisting condition, meaning the work accident was more likely than not the cause, when considering all other potential causes. Tenn. Code Ann. § 50-6-102(14)(C)-(D); *Miller v. Lowe's Home Centers, Inc*., 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015). The aggravation need not be permanent for Mr. Quarles to receive medical benefits. *Id.* at *18.

Dr. Hillesheim's C-32 offers the only suggestion of work-relatedness in evidence to contradict the fact that Mr. Quarles received years of treatment for left-knee osteoarthritis before the date he claimed workers' compensation benefits. Dr. Hillesheim provided the following opinions on the C-32: (1) there *was not* a specific incident or series of incidents identified that brought about the injury; (2) the injury resulted in a need for treatment; (3) the employment activity, more likely than not, was primarily responsible for the injury or primarily responsible for the need for treatment; (4) the injury *did not* involve the aggravation of a pre-existing injury; and (5) the employment activity was primarily responsible for the present need for treatment of the pre-existing disease, condition, or ailment.

The Court gives little weight to Dr. Hillesheim's opinions. Although Dr. Hillesheim indicated "the employment activity [was] primarily responsible for the present need for treatment of the pre-existing [left knee] disease," he described Mr. Quarles' left-knee condition as "degenerative osteoarthritis," and he stated that Mr. Quarles' injury did not involve the aggravation of a pre-existing condition. Therefore, the Court rejects Dr. Hillesheim's opinion on causation and holds Mr. Quarles did not come forward with sufficient evidence to establish he is likely to prevail at a hearing on the merits that his knee injury is work related.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Quarles' claim against FedEx and its workers' compensation carrier for the requested benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **June 3, 2019, at 8:30 a.m. Central Time.** You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED April 1, 2019.**


_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Petition for Benefit Determination
2. Emails between Mr. Quarles and Bureau's Assistant Administrator, B. Jeff Francis
3. Request for Expedited Hearing, with attached Affidavit of Keith Quarles
4. Mr. Quarles' personnel file
5. Mr. Quarles' wage information
6. First Report of Work Injury
7. Medical records from Christ Community Health Services
8. Medical records from Regional One Health
9. Form C-32 Standard Medical Report for Industrial Injuries and online curriculum vitae of Dr. Richard Hillesheim
10. Medical Assessment of Ability to do Work-Related Activities, dated December 19, 2016
11. Denial letter, dated June 8, 2017

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, with attached Affidavit of Keith Quarles
4. Employer's Objection to Request for Expedited Hearing and/or Objection for Request for Hearing on the Record
5. Employee's Response to Employer's Objection to Expedited Hearing Request with the Decision Based on Evidence on Record
6. Order Denying Employee's Request for a Decision on the Record
7. Employee's Position Statement, with attachments
8. Employee's Summation of New Evidence
9. Emergency Motion for Brief Continuance of Expedited Hearing
10. Employee's Response to Emergency Motion for Brief Continuance
11. Order on Emergency Motion to Continue Expedited Hearing
12. Employee's Amendment to Personal Testimony: Summation of New Evidence for Expedited Hearing of March 8, 2019

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on April 1, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Keith Quarles, Employee | X | | X | 255 N. Lauderdale Memphis, TN 38105 kcq3@netzero.net |
| Byron Lindberg, Employer's Attorney | | | X | blindberg@hallboothsmith.com tthompson@hallboothsmith.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

6. I am employed by: _____

     My employer's address is: _____

     My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                                     RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month     Telephone    $ _____ per month

Electricity    $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing    $ _____ per month

Gas     $ _____ per month     Child Care    $ _____ per month

Transportation $ _____ per month     Child Support $ _____ per month

Car     $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____     (FMV) _____

Other    $ _____     Describe:_____

11. My debts are:

Amount Owed       To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____